IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM RAMSEY, ) | CIVIL NO. 11-00694 JMS/KSC |
| ) | |
| Plaintiffs, ) | ORDER GRANTING |
| ) | DEFENDANTS' MOTION TO |
| vs. ) | DISMISS FOR FAILURE TO |
| ) | STATE A CLAIM UPON WHICH |
| HAWAII PAROLING AUTHORITY; ) | RELIEF CAN BE GRANTED |
| STATE OF HAWAII; ROY REEBER; ) | |
| ALBERT TUFONO; GAIL ) | |
| MURANAKA; JOHN DOES 1-10; ) | |
| JANE DOES 1-10; DOE ) | |
| CORPORATIONS; DOE ) | |
| PARTNERSHIPS 1-10; AND DOE ) | |
| GOVERNMENT ENTITIES 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

**I. INTRODUCTION**

On October 26, 2011, Plaintiff William Ramsey ("Plaintiff") filed a Complaint in the First Circuit Court of the State of Hawaii, asserting that Defendants Roy Reeber, Albert Tufono, and Gail Muranaka (collectively, "Individual Defendants"), the Hawaii Paroling Authority (the "HPA"), and the State of Hawaii (the "State") (collectively together, "Defendants"), violated his due process and equal protection rights when the HPA required him to participate in

the Sex Offender Treatment Program ("SOTP") after Plaintiff had already served his sentence for Sex Assault in the Third Degree. Defendants subsequently removed the action to this court.

Currently before the court is Defendants' Motion to Dismiss, in which they argue that the Complaint fails to state a claim upon which relief can be granted. Based on the following, the court GRANTS Defendants' Motion.

## II. BACKGROUND

### A. Factual Background

As alleged in the Complaint, on August 18, 1994, Plaintiff was convicted of Sex Assault in the Third Degree, punishable by up to five years imprisonment, after a jury trial. Compl. ¶ 12. On October 28, 1994, Plaintiff was sentenced to five years imprisonment. *Id.* ¶ 13. The Complaint asserts that because Plaintiff could be sentenced up to a maximum of five years only, the State could not order Plaintiff to complete any classes related to this conviction after he completed his five-year sentence. *Id.* ¶¶ 14-15.

Although Plaintiff completed his five-year sentence on August 17, 1999, Plaintiff remained in prison to serve a ten-year sentence for a burglary conviction. *Id.* ¶¶ 14, 17. In 2010, Plaintiff appeared before the HPA for a parole hearing, where HPA members Reeber and Muranaka were present. *Id.* ¶ 22. At

the hearing, the HPA allegedly agreed that the State could not order Plaintiff to participate in the SOTP because he had already "maxed out" on his sentence. *Id.* ¶ 24. Nonetheless, the Order Granting Parole, which Plaintiff signed, states that Plaintiff must complete the SOTP. *Id.* ¶ 25.

Plaintiff asserts that the HPA's reversal that Plaintiff must complete the SOTP violates his procedural and substantive due process rights, and equal protection rights.

**B.     Procedural Background**

On October 26, 2011, Plaintiff filed his Complaint in the First Circuit Court of the State of Hawaii asserting claims against Defendants titled (1) Equal Protection; (2) Injunction; and (3) Due Process. On November 16, 2011, Defendants removed the action to this court.

On November 18, 2011, Defendants filed a Motion to Dismiss. Plaintiff filed an Opposition on February 3, 2012, and Defendants filed their Reply on February 10, 2012. Pursuant to Local Rule 7.2(d), the court determines Defendants' Motion to Dismiss without a hearing.

///

///

///

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions."  *Iqbal*, 129 S. Ct. at 1949.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949 (citing

*Twombly*, 550 U.S. at 556). In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Iqbal*, 129 S. Ct. at 1950.

## IV. DISCUSSION

Defendants argue that the Complaint must be dismissed for a variety of reasons. The court addresses their arguments in turn.

### A. Claims Against the State, the HPA, and Individual Defendants in Their Official Capacities

Defendants correctly argue that neither states, state agencies, nor state officials acting in their official capacities is generally considered a person for purposes of 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kaimowitz v. Bd. of Trs. of the Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir. 1991); *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991). The only exception to this rule is for state officials acting in their official capacities when sued for prospective declaratory and injunctive relief. *See Will*, 492 U.S. at 71 n.10 (explaining that state officials sued in their official capacities for prospective relief are "persons" under § 1983 because "official-capacity actions for prospective

relief are not treated as actions against the State"); *see also Wolfe v. Strankman*, 392 F.3d 358, 364-365 (2004) (permitting § 1983 claims for prospective injunctive and declaratory relief against state officials acting in their official capacities).

In opposition, Plaintiff argues that his claims are proper pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), which held that local government entities are "persons" under 42 U.S.C. § 1983. *See* Pl.'s Opp'n at 9. Plaintiff ignores, however, that he did not bring suit against any *local* government entities, but rather brought this action against the State, a State agency, and the State's employees. *Monell* does not save Plaintiff's claims. *See Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 968 (9th Cir. 2010) (explaining that "the Supreme Court has expressly declined to extend *Monell*'s theory of municipal liability under § 1983 to state entities").

The court therefore DISMISSES Plaintiff's claims against the State and the HPA, and DISMISSES Plaintiff's claims for damages against the Individual Defendants in their official capacities.

///

///

///

## B.  Damages Against the Individual Defendants

As to Plaintiff's claims for damages against the Individual Defendants in their individual capacities, parole board officials are entitled to absolute quasi-judicial immunity "for decisions 'to grant, deny, or revoke parole' because these tasks are 'functionally comparable' to tasks performed by judges." *See Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (quoting *Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir. 1981)).  The basis of Plaintiff's claims against the Individual Defendants is that they told him at his parole hearing that he would not need to complete the SOTP because Plaintiff had already completed his sentence for Sex Assault in the Third Degree, yet the Order Granting Parole requires Plaintiff to complete the SOTP.  Such decision is clearly a decision to "to grant, deny, or revoke parole."

In opposition, Plaintiff argues that the Individual Defendants' immunity extends to only their actions and decisions *at* the parole hearing, and not their decision made *after* the parole hearing.  *See* Pl.'s Opp'n at 8.  Plaintiff's argument is not supported by the law -- quasi-judicial immunity broadly extends to all parole decisions and is not limited to only those decisions and statements made at a parole hearing. *See Swift*, 384 F.3d at 1189.  As explained by *Sellers*, "parole board members are entitled to absolute immunity for actions taken when

*processing* parole applications," and "the same degree of protection [from civil rights suits accorded to judges] must be accorded to the *decision-making process* of parole board officials" so that the decision making process remains impartial. *Sellers*, 641 F.2d at 1303 (emphasis added).

Because the Individual Defendants have absolute quasi-judicial immunity for their decision to require Plaintiff to complete the SOTP, the court DISMISSES Plaintiff's damages claims against them in their individual capacities.

C.   **Plaintiff's Constitutional Claims**

Plaintiff's due process and equal protection claims seek injunctive relief against the Individual Defendants in their official capacities.[1]  For the following reasons, Plaintiff fails to state a claim upon which relief can be granted.

   1.   *Due Process*

Plaintiff asserts that Defendants violated (1) his substantive due process rights by requiring him to participate in the SOTP as a parole condition for his burglary offense after he had already completed his sentence for Sex Assault in the Third Degree, and (2) his procedural due process rights by stating at the parole hearing that Plaintiff would not need to participate in the SOTP and then making it

---

[1] The court recognizes that Plaintiff asserts a separate claim for an "injunction." A claim for injunctive relief, however, is not a stand-alone cause of action. *See Teaupa v. U.S. Nat'l Bank N.A.*, --- F. Supp. 2d ----, 2011 WL 6749813, at *4 (D. Haw. Dec. 22, 2011). To the extent Plaintiff seeks an injunction as a stand-alone claim, such claim is DISMISSED.

a requirement of parole.

As an initial matter, Plaintiff's general assertion that Defendants could not require him to participate in the SOTP as part of the parole conditions on his burglary conviction has no basis in law. It is well-settled that an inmate in Hawaii has no right to parole -- "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence," *Swarthout v. Cooke*, --- U.S.----, 131 S. Ct. 859, 862 (2011) (per curiam); *Greenholtz v. Nebraska*, 442 U.S. 1, 7 (1979), and Hawaii's parole statute does not create a liberty interest in parole. *See, e.g.*, *Mujahid v. Apao*, 795 F. Supp. 1020, 1024 (D. Haw. 1992) ("[A] proper application of *Greenholtz* requires the court to conclude that the Hawaii parole statute does not create a liberty interest protected by the Due Process Clause."); *Regan v. State*, 2007 WL 4440956, at *2 (D. Haw. Dec. 19, 2007).

Further, the HPA may condition release on parole on "any special terms and conditions the [HPA] finds necessary to protect the welfare and safety of society and guard against future law violations." Haw. Admin. R. § 23-700-35; *see also* Hawaii Revised Statutes ("HRS") §§ 353-65 and 353-69 (providing that the HPA may establish rules having the force and effect of law and that the HPA may not grant parole unless it appears "that there is a reasonable probability that the

9

prisoner concerned will live and remain at liberty without violating the law and that the prisoner's release is not incompatible with the welfare and safety of society"). As a condition to parole, the SOTP need not be limited to inmates serving sentences for sex crimes. Indeed, the SOTP applies to any sex offender in State custody "who would benefit from sex offender treatment," HRS § 353E-1, including those who have not been convicted of a sex crime and are serving sentences for other offenses. *See Neal v. Shimoda*, 131 F.3d 818, 822 (9th Cir. 1997) (explaining that "[u]nder the SOTP, a 'sex offender' is defined as someone 'having been convicted, at any time, of any sex offense or [who] engaged in sexual misconduct during the course of an offense," and addressing due process claim of inmate who had been charged, but not convicted, of a sex crime and who was required to participate in the SOTP). Thus, because Plaintiff has no liberty interest in parole and/or its conditions, Defendants did not violate Plaintiff's substantive due process rights when they required that Plaintiff participate in the SOTP as condition of parole for his burglary conviction.

What Plaintiff *does* have a liberty interest in, however, is not being labeled a sex offender and required to participate in the SOTP without due process. Yet *Neal* explains that Plaintiff has already received sufficient procedural due process for this liberty interest. Specifically, *Neal* held that although the SOTP

implicates an inmate's liberty interest due to the "stigmatizing consequences" of being labeled a "sex offender" and being subjected to mandatory treatment as a precondition for parole eligibility,[2] "an inmate who has been convicted of a sex crime in a prior adversarial setting . . . has received the minimum protections required by due process." *Id.* at 831.  In other words, the prior adjudication of the sex crime offense provides the inmate sufficient procedural protections before being labeled a "sex offender" and being required to participate in the SOTP.  Under such circumstances, "[p]rison officials need do no more than notify such an inmate that he has been classified as a sex offender because of his prior conviction for a sex crime." *Id.*; *Compare with Coleman v. Dretke*, 395 F.3d 216 (5th Cir. 2004) (holding that "prisoners who have not been convicted of a sex offense have a liberty interest created by the Due Process Clause in freedom from sex offender classification and conditions").

        As alleged in the Complaint, Plaintiff was convicted of Sex Assault in the Third Degree.  As a result, to the extent Plaintiff has a liberty interest against being labeled improperly as a sex offender and being required to participate in the SOTP, his jury trial on this offense afforded him procedural due process.

---

[2] It is unclear from the allegations of the Complaint whether Plaintiff's participation in the SOTP was a precondition of parole eligibility, or simply a condition of his parole.  From the Order of Parole (submitted by both parties in their briefing and subject to judicial notice), it is clear that the latter is the case.  Such fact, however, does not affect the court's analysis.

Plaintiff's due process claims therefore fail as a matter of law.

### 2. *Equal Protection*

The basis of Plaintiff's equal protection claim is not clear. The Complaint asserts that Defendants treated Plaintiff "differently from other similarly-situated citizens without a rational basis to do so" in violation of Plaintiff's equal protection rights. Compl. ¶ 32. In comparison, Plaintiff's Opposition appears to attack the SOTP program as a whole by arguing that any program that allows Defendants "to hold sex offenders in prison indefinitely if that offender does not complete a course of instruction thought essential by the state" violates Plaintiff's liberty interests. Pl.'s Opp'n at 11-12.

As an initial matter, the allegations of the Complaint are so conclusory that they fail to state a claim that is plausible on its face. To the extent Plaintiff asserts that he is being treated differently than other similarly situated individuals, the Complaint fails to identify who those similarly situated individuals may be and how Plaintiff is being treated differently.

This pleading deficiency is not the only problem with this claim -- Defendants' actions that form the basis of Plaintiff's equal protection claim are subject to rational basis, not strict scrutiny review, which prevents Plaintiff from stating a cognizable claim. Strict scrutiny applies only "if the aggrieved party is a

member of a protected or suspect class, or otherwise suffers the unequal burdening of a fundamental right." *United States v. Juvenile Male*, --- F.3d ----, 2012 WL 206263, at *8 (9th Cir. Jan. 25, 2012) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439-40 (1985)). Plaintiff has not pled that he is a member of a protected or suspect class, and as explained above, that Plaintiff must participate in the SOTP as a condition to parole does not implicate a fundamental right. *See Greenholtz*, 442 U.S. at 7. Thus, to establish his equal protection claim, Plaintiff "must demonstrate that he was treated differently from other similarly situated prisoners and that the [the HPA] lacked a rational basis for its decision." *Wynn v. Martel*, 2012 WL 90404, at *5 (E.D. Cal. Jan. 11, 2012) (citing *McGinnis v. Royster*, 410 U.S. 263, 269-70 (1973); *McQueary v. Blodgett*, 924 F.2d 829, 835 (9th Cir. 1991)).

The Complaint fails to allege these elements, and this failure cannot be overcome. Defendants have a legitimate interest in treating sex offenders, which the Hawaii Legislature has expressly recognized:

> The legislature finds that sexual assault is a heinous crime committed by offenders with deviant behavioral patterns that cannot be controlled by incarceration alone. Studies show that the recidivism rates of sex offenders who undergo treatment are substantially lower than the rates of those who are not treated.

*See* Doc. No. 13-2, Defs.'s Ex. C, S.B. No. 3371, 16th Leg. (Haw. 1992). The

SOTP, on its face, is directed to this purpose of treating sex offenders and thereby protect the public from further sex offenses committed by repeat offenders. Plaintiff's equal protection therefore fails to state a claim upon which relief can be granted.

## V. CONCLUSION

Based on the above, the court GRANTS Defendants' Motion to Dismiss. Because granting leave to amend Plaintiff's claims would be futile, this dismissal is without leave to amend. The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 13, 2012.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Ramsey v. Haw. Paroling Auth. et al.*, Civ. No. 11-00694 JMS/KSC, Order Granting Defendants' Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted